### 34352.  PARROTT *v.* COLLINS *et al.*

CARLISLE, J. 1. Where, by the terms of a written contract, executed April 3, 1950, between P and C, it is provided that P and C are to purchase the interest of C's partner in a certain business for $2700, which business is then to be incorporated and operated by P and C, that P is to pay $2500 and C is to pay $200 on the purchase price of the partner's interest, which interest is to vest in P, that, prior to the incorporation of the business, C is to account to P for all the assets of the partnership and transfer such assets to the corporation, that upon incorporation all of the one hundred shares of stock shall be issued to P, but that when the business is free of debt except for current operation expenses incurred, P shall keep fifty-one shares of the stock and issue forty-nine shares to C for no further consideration than the performance of the contract, that C shall be employed as the full-time manager of the actual operation of the business and receive a salary of $75 per week, but shall have no management or control over the finances, cashiers, or bookkeepers, which shall be the province of the president, P, and that C's actions in hiring other employees, setting wages and hours, making purchases, and fixing prices shall be subject to the approval of P, who shall have final power over the operation of the business and its management, that the proceeds of the business after payment of all debts shall be applied first to return to P the $2500 invested by him plus legal interest thereon, and any remaining proceeds shall be divided in the ratio of forty-nine percent to C and fifty-one percent to P, which ratio shall apply in the event of liquidation of the business—such contract, properly construed, excludes by its terms any idea that P shall receive any compensation for his services as president of the corportion beyond his preferred claim to have his investment repaid with interest before the division of profits, his two-share advantage in the stock holdings, and his two percent advantage in the distribution of the profits.

2. Where, in an action upon the contract indicated in division 1, it appears from the evidence that C died on August 31, 1950, and his interest under the contract has been set aside as a year's support to his widow and minor daughter, the plaintiffs in such action on the contract, and P continued to operate the business, both as president and as manager,

until the business was sold on May 14, 1951—the trial court did not err in charging the jury as follows: "As far as Mr. Parrott, as a partner and as president of the corporation, was concerned in handling the finances, selecting, hiring, and directing the cashiers and bookkeepers, he was to receive no compensation whatsoever for that service. Construing this contract, he was not to be paid anything for that service. If he rendered it, he was not to be entitled to any compensation according to this contract. I do charge you, however, if he did any service outside of what is set out in the contract, such as going there and supervising the kitchen work or working in the establishment, and after Mr. Collins' death, any and all work other than what is contemplated and set out in this contract, he would be entitled to compensation; he would be entitled to a reasonable compensation for the services rendered." Such charge was in conformity with a proper construction of the contract and the evidence.

3. Where, in such a case as indicated in divisions 1 and 2, it appears from the evidence that under the plaintiffs' view they are entitled to $5078.91, and under the defendant's view they are entitled to only $2175.60 less $894.88 due by the plaintiffs to the corporation, less a personal debt due by the plaintiffs to the defendant, and it further appears that the defendant had paid himself a salary of $500 per month during the entire time the corporation was in operation, and had paid himself $1000 for services rendered in selling the corporate business, and there was also some evidence for the value of his services as manager of the business subsequent to C's death, the verdict of the jury in the sum of $3707.22 was within the range of the evidence and will not be disturbed by this court.

The trial court did not err in overruling the motion for new trial for any reason assigned.

*Judgment affirmed. Gardner, P. J., and Townsend, J., concur.*

DECIDED FEBRUARY 3, 1953.

*Milner, Stephens & Bentley,* for plaintiff in error.
*C. O. Baker, Robert E. Gibson,* contra.